95 So.2d 638

Rufus W. FONTENOT, Collector of Revenue, State of Louisiana,

v.

S. E. W. OIL CORPORATION.

No. 42913.

May 6, 1957.

Robert L. Roland, Levi A. Himes and Chapman L. Sanford, Baton Rouge, for appellant.

Wilkinson, Lewis, Wilkinson & Madison, Shreveport, for appellee.

HAMITER, Justice.

On this appeal the Collector of Revenue for the State of Louisiana seeks to have set aside the ruling of the State Board of Tax Appeals, as well as the judgment of the district court affirming it, which disapproved an assessment of a "use" tax levied (under LRS 47:301 et seq., entitled Sales Tax) against the defendant corporation on an oil drilling rig brought into this state from Texas.

The controversy was tried on a stipulation of facts reflecting that in 1953 the S. E. W. Oil Corporation was the owner of the drilling rig which it had been using for sometime in the State of Texas. In May of that year it moved the used rig into Louisiana for the purpose of drilling on a lease that it owned; and on June 22, 1954 the Collector caused the mentioned assessment of $6,422.85 to issue against the corporation, this being composed of a "use" tax of $4,902.95, penalty of $1,225.73, and interest to June 20, 1954 of $294.17. The amount of the tax was computed at 2% of $245,147.50, the purchase or cost price of the drilling rig when new. The corporation denied owing that amount, but it offered to pay a 2% tax based on the original cost less depreciation, stipulated to be $164,413.85.

Subsequent negotiations between the parties failed to produce an agreement, and the corporation filed a petition with the State Board of Tax Appeals wherein the above recited facts were set out. It prayed that "the total amount of the assessment should be reduced to two (2%) percent of the value of the property at the time it was moved into Louisiana, being $164,413.85, or $3288.28."

The Board ruled in favor of the corporation, holding that the 2% tax was payable only on the value of the property when it was brought into Louisiana, not on its original cost or purchase price. As indicated above, the district court (in a proceeding instituted there) affirmed that ruling; and from the judgment the Collector is prosecuting this appeal.

The defendant corporation does not dispute the applicability here of the provisions of LRS 47:301 et seq. (entitled Sales Tax). It concedes that a "use" tax is due on the drilling rig, and it questions only the base employed by the Collector for computing the tax. Therefore, the sole issue presented for our determination is whether (assuming the applicability of the statute) the tax should be computed on the original purchase or cost price of the property or on its value at the time it was brought into Louisiana.

In support of his contention that the 2% "use" tax is to be computed on the original purchase or cost price of the drilling rig, regardless of the value of that article when imported into Louisiana, the Collector invokes the following provisions of the statute in question:

"§ 302.   Imposition of tax

"A. There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, as defined herein, the levy of said tax to be as follows:

*   *   *

"(2) At the rate of two per centum (2%) of the cost price of each item or article of

tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in this state; provided there shall be no duplication of the tax.

"§ 301. Definitions

"As used in this Chapter, the following words, terms and phrases have the meaning ascribed to them in this Section, except when the context clearly indicates a different meaning:

\* \* \*

"(3) 'Cost price' means the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, transportation charges or any other expenses whatsoever."

The Collector insists that the Board of Tax Appeals and the district court erred when interpreting these provisions (in the interpretation they were aided by other language of the statute) to mean that " \* \* \* upon importation into Louisiana for use, the cost to be considered for purposes of assessment would be the cost less depreciation, i. e., the value of the tangible personal property computed as of the time of entry thereof into Louisiana, \* \* \*." He argues that such provisions are plain and unambiguous and that, therefore, no interpretation of them is permitted, citing 50 American Jurisprudence verbo Statutes, Section 225 which states: "A statute is not open to

construction as a matter of course. It is open to construction only where the language used in the statute requires interpretation, that is, where the statute is ambiguous, or will bear two or more constructions, or is of such doubtful or obscure meaning, that reasonable minds might be uncertain or disagree as to its meaning. Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation, and the court has no right to look for or impose another meaning. \* \* \*"

In our opinion the words "cost price" as used in the above quoted provisions are of doubtful or obscure meaning. To apply them literally, as the Collector contends should be done, would tend to make the statute unjust, unreasonable, absurd, and contrary to the public interest—a result which clearly the lawmakers did not intend. For example, this defendant brought to Louisiana a used drilling rig purchased sometime previously, and it was assessed with a "use" tax based on the original purchase price; whereas, had a competitor at the same time purchased a similar rig in like used condition and had imported it to this state the assessment, for a much smaller tax, would have been predicated on its then cost price or value. Moreover, it is possible that a "use" tax based on the original cost of an article could exceed the actual value of that article at the time of importation, in which

event it would be practically confiscatory. Consequently, such provisions are open for construction, and this should be accomplished by a consideration of the purpose of the statute and of other language contained therein.

In Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11, this court quoted approvingly a declaration of the United States Supreme Court to the effect that a "use" tax is an integrated part of a sales tax, its purpose being to remove the buyers' temptation to place their orders in other states in the effort to escape payment of the tax on local sales. In view of this declaration it would seem that the "use" tax provided for in LRS 47:301 et seq. was primarily intended to affect items purchased out of this state for immediate importation to and use in this state—a tax in lieu of the sales tax. Also supporting this conclusion are provisions of the state that exempt property on which an equivalent tax has been paid in the state where purchased (Section 305); that prohibit the duplication of a use and sales tax (Sections 302 and 303); and that direct dealers located in other states to collect the prescribed tax on property sold by them (collections to be made at the time of sale) for use or consumption in this state (Section 304).

In addition to the foregoing recitations the statute provides:

"§ 303. Collection from dealer

"The tax imposed under R.S. 47:302 shall be collectible from all persons, as hereinafter defined, engaged as dealers, as hereinafter defined.

"On all tangible personal property imported, or caused to be imported, from other states or foreign country, and used by him, the 'dealer', as hereinafter defined, shall pay the tax imposed by this Chapter on all articles of tangible personal property so imported and used, *the same as if the said articles had been sold at retail for use or consumption in this state.* For the purpose of this Chapter, *the use,* or consumption, or distribution, or storage to be used or consumed in this state of tangible personal property, *shall each be equivalent to a sale at retail,* and the tax shall thereupon immediately levy and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event." (Emphasis ours.)

According to this section the person importing an article for use in this state must pay the "use" tax the same as if it had been sold at retail, and such use shall be considered equivalent to a sale at retail as of the time of importation. These provisions, along with the others above mentioned, clearly indicate that the "use" tax is to be computed on the retail price the property would have brought when imported—that is, its then value or worth.

From all of which we conclude, just as the Board of Tax Appeals and the district

 

judge concluded, that the instant "use" tax assessment against the defendant corporation can be no greater than 2% of $164,413.-85, the true value of its drilling rig when imported to this state.

For the reasons assigned the judgment appealed from is affirmed.