LEAR, Judge.
This is a suit to determine the validity of a tax assessment on a dragline and tractor owned by petitioner and for the refund of Five Hundred Twenty-eight Dollars and Seventy-six Cents ($528.76) v'hich peti *543 tioner paid to defendant, under protest, as an assessed “use” tax, which defendant claims was legally assessed under that ordinance entitled, “Jefferson Davis Parish School Board General Sales and Use Tax.”
After trial and submission, the district court rendered judgment as prayed for in favor of plaintiff and defendant provoked an appeal to the Supreme Court.
That court, by a decision rendered November 6, 1967, 251 La. 257, 203 So.2d 712, determined that the petition in this matter did not assail the constitutionality of the ordinance and found that the objection raised by the petition was the application of the ordinance to the particular subject matter herein involved. For those reasons it transferred the appeal to this court.
After due and careful consideration, we feel that our learned brother in the district court has correctly analyzed and stated the facts and law of this matter. We, therefore, adopt his opinion as ours. The district court stated:
“D & A Construction, Inc., a Vermilion Parish corporation and contractor, that does oil field construction work in South Louisiana, filed this suit to recover ‘use’ taxes paid under protest to the Jefferson Davis Parish School Board. The Parish adopted a 1% sales tax for the benefit of the public schools effective January 1, 1966, to implement the unfunded teacher pay raise.
“In the spring of 1966 D & A moved a bulldozer and dragline into Jefferson Davis Parish to fulfill a contract with Union Oil Company, and in April the administrator of the School Board tax fund notified D & A that it was being assessed for this equipment under the sales tax.
“D & A bought the bulldozer on September 29, 1964, at Reserve, Louisiana, and the dragline on January 19, 1965, in Baton-Rouge, Louisiana, for delivery in Abbe-ville, and the 2% sales tax then applicable was paid at the time the equipment was purchased. No Parish sales or use tax was previously paid on this equipment. The equipment was used for several weeks in Jefferson Davis Parish, until the job was completed, then brought back to D & A in Abbeville, Louisiana.
“Mr. Steven Lejeune, the tax administrator for the School Board, readily acknowledges that he has not charged Jefferson Davis Parish residents a sales or use tax for equipment purchased before January 1, 1966, on the equipment that they had in the Parish on the effective date, but states that he has charged everyone, residents and nonresidents, a 1% tax on equipment bought outside the Parish and brought into the Parish subsequent to the effective date, regardless of when the equipment was purchased. He made a point of getting out a bulletin, dated August 5, 1966 (approximately one month after this suit was filed) warning a few contractors of this possibility. No effort has been made to collect such a use tax on automobiles or farm implements which leave the Parish and later return. Mr. Lejeune cites no authority for his letter of August 5th and it appears to be a misconstrual of Section 3.01(14) of the Ordinance.
“Mr. Claude Sirmon, one of the three owners of plaintiff company, testified that when the equipment in question was bought, his company had no contract to do work in Jefferson Davis Parish and certainly wasn’t trying to avoid the Jefferson Davis Parish sales tax, which actually wasn’t then in existence.
“Plaintiff’s primary complaint is that Mr. Lejeune is giving retroactive effect to the use portion of this sales and use tax, and that this is unconstitutional. Alternatively he alleges that this results in discriminatory application of the tax since, in fact, it makes it apply to out of Parish contractors but not to Jefferson Davis Parish contractors. Furthermore, D & A contends that the equipment has not ‘come to rest’ in Jefferson Davis Parish and has not become a part of the mass of property in this Parish’ as required by Section 3.02, p. 9 of *544 the Ordinance before the tax becomes applicable.
“Sales and use taxes adopted at one and the same time are not to he construed separately but together. The use tax is for the purpose of catching those transactions which escaped imposition of sales tax because the actual transaction took place outside the Parish. The Ordinance itself shows this. Section 5.02 p. 12 and Section 3.02 p. 9.
“Since all parts of the Ordinance are to be construed in parii materii, Mr. Lejeune should not be giving retroactive effect to the use tax just as he is not giving retroactive effect to the sales tax. There is nothing in this Ordinance that calls for its retroactive application.
 “Statutes and Oridinances are to be prospective and not retrospective, and the Ordinance in question specifically states that it is to be effective only from and after January 1, 1966. Section 2.01 p. 5. Therefore, the tax ought to cover only retail sales in Jefferson Davis Parish after that date, or equipment bought elsewhere after that date but then brought into and used in Jefferson Davis Parish.
“The Ordinance bears this out in Section 2.01 (2) when it calls for imposition of a use tax on the ‘cost price’ of each item bought elsewhere but used in Jefferson Davis Parish. If the Ordinance was meant to apply to anything but newly purchased equipment it would not call for the use of the ‘cost price’ in computing the tax, because obviously the cost price in a one, two or ten year old transaction is no longer proper basis for assessing a tax. There is no authority in the Statute for the imposition of the tax based on the ‘fair market value’ of the property when it enters the Parish.
“Mr. Lejeune testified that he is applying this tax retroactively only to the use tax portion. Apparently he is using as his authority Section 3.01(4) found on page (8) of the Ordinance. Section 3.01 contains the exemptions and exclusions from the tax and provides that taxes imposed by the Ordinance shall not apply to transactions involving, among other things, the purchase of property in the Parish for use outside the Parish. The subsection goes on to say:
‘If tangible personal property purchased tax free under the provisions of this Section is later brought into this Parish for use herein, the property shall be subject to the use tax as of the-time it is brought into the Parish for use herein * * *’ (emphasis added).
“It is apparent that this refers to that rare situation where property bought in Jefferson Davis Parish, necessarily after the passage of the sales tax Ordinance, but for use outside the Parish and thus exempt, is later brought back into the Parish for use, then the sales tax which was missed in the first place will then be imposed in the form of the use tax, unless a use tax has been paid in the Parish of initial use. There is nothing to give this minor subsection the broad application that Mr. Le-jeune has given it, applying it to items purchased in Jefferson Davis Parish before the imposition of the tax, which may by chance leave the Parish and then come back in, nor was it designed to apply to property purchased outside of Jefferson Davis Parish before the imposition of the sales tax, for use elsewhere and then brought into Jefferson Davis Parish only temporarily.
“Both counsel cite the case of [State ex rel.] Cooper v. Pape, 194 La. 890, 195 So. 346. This involved the Louisiana sales tax passed in 1938. In 1939, the taxpayer moved to Louisiana from Texas, a state which didn’t then have the sales tax. She tried to avoid payment of the use tax portion of the sales tax and the Louisiana Supreme Court held that she owed it. It is significant to note two things that the Court emphasized. First of all, the car that she brought in from Texas was, as *545 pointed out by the Court, purchased on March 3, 1939 after (note: after) the passage of the Louisiana Sales and Use Tax in 1938. The second important thing here is that the Court emphasized that the use tax was only complementary to the sales tax.
“Defendant states that the law does not make a distinction as to the purchase date in fixing the use tax. This ignores the fact that the Ordinance states it is effective January 1, 1966. In this Court’s opinion the Ordinance imposes a use tax only for the covering of purchases made after January 1, 1966 outside the Parish by those seeking to avoid the sales tax and to avoid having the Parish miss revenues that it would have otherwise received. The use tax is complementary to and an adjunct of the sales tax. It is not designed to, nor does it have the effect of bringing revenue to the Parish which the Parish would not have received if the article in question had been purchased in Jefferson Davis Parish. Counsel for the School Board has not furnished any jurisprudence which allows the imposition of a use tax where the property was purchased prior to the effective date of the sales tax.
“In the case of Fontenot v. S. E. W. Oil Company [Corp.], 232 La. 1011, 95 So.2d 638, it is significant to note that the drilling rig in question was a 1953 drilling rig, and the tax in question was the same 1938 Louisiana sales tax dealt with in the Pape case, as later amended, so that in Fontenot the tax collector was not attempting to go back and collect a use tax on an item on which there would have been no sales tax had the purchase of it been made within the jurisdiction of the taxing body. A close look at this case shows that it supports this Court’s conclusion. At page 640, the following language is found:
‘In Mouledoux v. Maestri, 197 La. 525 [526], 2 So.2d 11, this court quoted approvingly a declaration of the United States Supreme Court to the effect that a “use” tax is an integrated part of a sales tax, its purpose being to remove the buyer’s temptation to place their orders in other states in the effect to escape payment of the tax on local sales. In view of this declaration it would seem that the “use” tax provided for in LRS items purchased out of this state for immediate importation to and use in this state — a tax in lieu of the sales tax.’
This language shows once more that the use tax is not something designed to bring in revenue to a taxing body which that body would not otherwise realize, but is only something designed to close a loop hole in the sales tax.”
For the reasons above assigned, the judgment of the District Court is hereby affirmed.
Affirmed.
APPENDIX
The sections of the ordinance quoted above are as follows, inter alia:
Section 2.01. There is hereby levied from and after January 1, 1966, for the purposes stated in the proposition set forth in the preamble to this ordinance, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within this Parish, as defined herein; and the levy of such tax shall be as follows:
(2) At the rate of one per cent (1%) of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, orstored for use or consumption in this ed, or stored for use or consumption in this cation of the tax.
Section 3.01. The taxes imposed by this ordinance shall not apply to transactions involving the following tangible personal property:
(4) The sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this Parish of *546 the following tangible personal property is hereby specifically exempted from the tax imposed by this ordinance: gasoline, steam, water (not including mineral water or carbonated water or any water put up in bottles, jugs, or containers, all of which are not exempted), electric power or energy, newspapers, fertilizer and containers used for farm products when sold directly to the farmer, natural gas and new automobiles withdrawn from stock by factory authorized new automobile dealers, with the approval of the Collector of Revenue, State of Louisiana, and titled in the dealer’s name for use as demonstrators.
(14) If tangible personal property purchased tax free under the provisions of this section is later brought into this Parish for use herein, the property shall be subject to the use tax as of the time it is brought into the Parish for use herein, subject to the credit provided in Section 5.03 of this ordinance.
Section 3.02. It is, however, the intention of this ordinance to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this Parish of tangible personal property after it has come to rest in this Parish and has become a part of the mass of property in this Parish.
Section 5.02. On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this State, or any foreign country, and used by him, the dealer shall pay the tax imposed by this ordinance on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption in this Parish. For the purpose of this ordinance, use or consumption, or distribution, or storage of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.