340 So.2d 1085 (1976)
J. AL AMISS, Sheriff and Tax Collector for the Parish of East Baton Rouge
v.
STATE of Louisiana et al.
No. 11037.
Court of Appeal of Louisiana, First Circuit.
December 20, 1976.
*1086 Sheldon D. Beychok, Baton Rouge, of counsel, for plaintiff J. Al Amiss, Sheriff and Tax Collector for the Parish of EBR appellant.
Joseph F. Keogh, Baton Rouge, of counsel, for defendant City of Baton Rouge and Parish of EBR appellee.
John F. Ward, Jr., Baton Rouge, of counsel, for defendant EBR Parish School Bd. appellee.
*1087 Stephen J. Caire, New Orleans, of counsel, for defendant State of La. appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
COVINGTON, Judge.
This is an appeal by the Sheriff and Tax Collector for the Parish of East Baton Rouge from a judgment of the district court which decreed that the defendants, State of Louisiana, Parish of East Baton Rouge, East Baton Rouge Parish School Board, Baton Rouge Recreation and Parks Commission, Louisiana Forestry Commission and certain designated public bodies were the owners of the revenue sharing funds in the stipulated proportions during the time that such funds were in the physical possession of the plaintiff-appellant, and that the defendants-appellees were entitled to their pro-rata share of the interest earned by the investment of such funds by the plaintiff-appellant. The judgment cast the plaintiff and the State of Louisiana, equally, for all costs to the extent provided by law.
Basically, the contention of the appellant is that under LSA-R.S. 39:1271 and LSA-R.S. 6:748 he is authorized to invest the revenue sharing funds and retain for his office any interest during the time between receipt and disbursement of the funds.
LSA-R.S. 39:1271 provides as follows:
"Any municipality, parish, school board, police jury, or other political subdivision of the state, may invest in United States bonds, treasury notes, or certificates, and time certificates of deposit of state banks organized under the laws of Louisiana and national banks having their principal office in the state of Louisiana, such monies in any general or special fund of the respective subdivision as might constitute a surplus, or the expenditure of which is deemed inadvisable by the subdivision at the time.
"The interest earned on bonds, notes or certificates, or time certificates of deposit, so purchased shall be credited by the respective subdivision to the fund from which the bonds, notes or certificates, or time certificates of deposit, were acquired, or it may be applied to the payment of the principal and interest of the outstanding bonded indebtedness of the respective subdivision.
"Any law of the state of Louisiana which may appear to restrict, limit or condition the herein granted authority is hereby declared to be inapplicable to this section."
LSA-R.S. 6:748, subsection A, provides in pertinent part:
"... (P)ublic officials hereby are specifically authorized and empowered to invest funds held by them, without any order of any court, in savings accounts or shares of associations, and such investments shall be deemed and held to be legal investments for such funds. . ."
R.S. 39:1271 is inapplicable. The sheriff is not one of the enumerated entities, nor is he a "political subdivision." R.S. 6:748 is also inapplicable. It merely allows investments in savings accounts of Homesteads and Savings and Loan Associations. In this case, the investment was in U.S. Treasury Notes.
Even if these statutes were applicable, neither individually nor together do they suggest that the public official, by whatever title, has the right to retain any earned interest on invested funds for his own office. These statutes are designed to encourage the putting to work of idle public funds. We point out that LSA-R.S. 39:1271 clearly states that the interest earned on such funds shall be credited to the fund. This can only mean that any earned interest belongs to the owner of the funds, not to the public official who handles or distributes funds. LSA-R.S. 6:748 has no effect upon the earning of interest and is not intended to disrupt the normal rights of accession. There is nothing in the cited statutes to indicate that the fiduciary making the investment of public funds thereby becomes the owner of earned interest thereon.
*1088 The appellant also contends that there was no principal-agent relationship in the instant case, because there was no acceptance of the mandate by the Sheriff, LSA-C.C. art. 2988. This is not an issue in this case. There can be no question that the Sheriff was acting in a fiduciary capacity when he received the revenue sharing funds. We see no need of reviewing elementary legal principles governing fiduciaries, agency or mandate in a case like this where we must answer only the question of ownership of the earned interest on these revenue sharing funds. We can answer this question easily by looking at the general rules of ownership. The ownership of a thing carries with it the right to all that the thing produces, LSA-C.C. art. 498. By right of accession, the civil fruits yielded by a thing belong to the owner of the thing, LSA-C.C. art. 499. By definition, "civil fruits" includes the "interest of money", LSA-C.C. art. 545.
We conclude that the instant interest, which was earned from the investment of these revenue sharing funds, is the lawful property of the defendants-appellees. The Sheriff, as tax collector, was designated as the proper public official to distribute revenue sharing funds. As distributor of these funds, the Sheriff is a fiduciary. He was, therefore, a fiduciary of the earned interest in the instant case. See State v. Hagerty, 251 La. 477, 205 So.2d 369, 376 (1967).
The Revenue Sharing Fund was created by Section 10B of Article X of the Louisiana Constitution of 1921, which was added by Acts 1972, Ex.Sess., No. 18, adopted November 7, 1972 (now Art. 7, Sec. 26 of the 1974 Constitution), and which provided:
"There is hereby established and created a special fund in the State Treasury to be known as the Revenue Sharing Fund. The Fund shall be composed of monies which shall be transferred to it annually out of the state general fund by the state treasurer in the amount of Eighty Million and no/100 ($80,000,000.00) Dollars. This provision shall be self-operative. The legislature may allocate additional sums to the Revenue Sharing Fund and shall provide for distribution of the monies in the Fund to those local governing bodies, municipalities, police juries, boards, commissions, districts and other agencies as may be designated by it."
Act No. 153 of the Regular Session of the Louisiana Legislature for 1973 provided for the allocation and distribution of the Fund.
Section 4 of Act No. 153 provides:
"Except as provided in Section 5 (which pertains to Ouachita Parish), the state treasurer shall distribute the funds herein allocated to the tax collectors of the respective parishes and to the city of New Orleans."
Section 7 of said Act provides in part:
"All remaining funds shall be allocated and distributed as follows:
"A. Subject to the provisions of Subsection B of this section and except as provided by Section 5 hereinabove, the tax collector of each parish and the city of New Orleans shall allocate and distribute, within thirty days after receipt thereof, to the tax recipient bodies within his jurisdiction an amount not less than the amount which would have been required to reimburse tax recipient bodies for taxes lost as a result of homestead exemptions for the preceding calendar year...."
Section 12 of the Act requires each tax collector to make an accounting to the state treasurer.
For his services as distributor of the funds, the tax collector is allowed to deduct "a percentage of all revenue sharing funds distributed by the provisions hereof as a sheriff's commission." See Section 6 of Act No. 153 of 1973. This commission is his payment for serving as distributor of the funds. He has no claim to any earned interest.
Accordingly, the judgment of the district court is affirmed. Costs of this appeal are assessed against the appellant to the extent allowed by law.
AFFIRMED.