411 So.2d 1167 (1982)
SABINE PIPE & SUPPLY COMPANY
v.
Shirley S. McNAMARA, Secretary, Department of Revenue and Taxation, State of Louisiana.
No. 14599.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
Rehearing Denied April 13, 1982.
Writ Denied May 28, 1982.
*1168 D. Irvin Couvillion, Baton Rouge, for plaintiff-appellant Sabine Pipe & Supply Co.
Howard M. Romaine, E. Matt Callaway, Trial Atty., Dept. of Revenue and Taxation, State of La., Baton Rouge, for defendant-appellee Shirley S. McNamara, Secretary, Dept. of Revenue and Taxation, State of La.
Before COVINGTON, COLE and WATKINS, JJ.
COVINGTON, Judge.
This is an appeal by the plaintiff, Sabine Pipe & Supply Company, from a judgment of the District Court upholding the judgment of the Louisiana Board of Tax Appeals which was rendered against the plaintiff sustaining a claim made against the plaintiff by the defendant, Shirley S. McNamara, Secretary, Department of Revenue and Taxation, State of Louisiana, in the amount of $39,953.72, plus interest, arising out of taxes on sales of tangible personal property by the plaintiff made at its business location in Kilgore, Texas, for the period from January 1, 1970 through December 31, 1975, and delivered in Sabine's trucks to customers in the State of Louisiana. During the period in question, Sabine, a Texas corporation engaged in the retail business of selling oilfield equipment and supplies such as pipes, casing and pumping units, and other equipment related to the oilfield service industry, collected the sum of money in question as sales or use taxes from Louisiana customers for purchases of oilfield equipment, but never remitted the taxes to the State of Louisiana.[1]
Since Sabine failed to remit the collected taxes to the State of Louisiana on its sales to Louisiana customers, a claim was made under LSA-R.S. 47:1564, on May 5, 1978, for the total amount shown above. Additionally, a penalty was sought for the failure to remit.
Pursuant to LSA-R.S. 47:1431 et seq., Sabine timely filed a petition with the Board of Tax Appeals, State of Louisiana. An evidentiary hearing, contradictorily with the Secretary (Collector), was held before *1169 the Board on August 15, 1979. Subsequently, the Board rendered a decision on October 23, 1980, in favor of the Secretary, upholding the State's claim but denying the penalty. Thereafter, Sabine petitioned the Nineteenth Judicial District Court for East Baton Rouge Parish, pursuant to LSA-R.S. 47:1434, for judicial review of the Board's decision. The record before the Board constituted the record for judicial review and served as the basis for the action on review.[2]
In due course, the District Court rendered judgment against Sabine on April 14, 1981, sustaining the Board's decision. Sabine has suspensively appealed. We affirm.
Sabine admittedly withheld and collected from its Louisiana customers, at the time of the sales to them, amounts equivalent to the Louisiana sales or use taxes, and indicated on the sales invoices of each sale such amounts. Copies of these invoices for sales in the years in question were introduced in evidence and form a part of the record. Further, Sabine admittedly remitted no sales or use taxes to this State from its sales of merchandise to Louisiana customers, which merchandise was generally delivered to Louisiana customers on trucks owned by Sabine. These facts are not disputed. Also, there is no dispute as to the amount which Sabine collected and has not remitted.
The appellant claims that, as an out-of-state seller, it was not required by the laws of Louisiana to collect the sales or use tax since it was not a "dealer" within the meaning of the Louisiana Sales Tax Law; that it cannot be required to remit the sales or use taxes to the State of Louisiana on sales of merchandise (tangible personal property) under the circumstances of this case; and that the taxes claimed by Louisiana are barred by prescription.
The record establishes that the transactions between Sabine and its Louisiana customers were Texas sales on which no sales taxes were due the State of Louisiana; however, on these transactions through which merchandise (personal tangible property) was brought into this State for use in this State, "use taxes" were due. LSA-R.S. 47:302(A)(2); Fontenot v. S. E. W. Oil Corporation, 232 La. 1011, 95 So.2d 638 (1957). Plaintiff undertook to collect this use tax from each of its Louisiana customers. This money so collected by Sabine was not a part of the purchase price; it was money collected by it which was owed by its Louisiana customers to the State of Louisiana for use taxes. This money was collected by Sabine as taxes owed to this State; and it was paid by the Louisiana purchasers as use taxes to satisfy their tax obligations to Louisiana. By undertaking to collect Louisiana's use taxes for the State, plaintiff entered into a fiduciary relationship with the State. One of its obligations, as fiduciary, is to remit to Louisiana those taxes which belong to Louisiana. By failing to do so, Sabine has breached its fiduciary duty. See Amiss v. State, 340 So.2d 1085 (La.App. 1 Cir. 1976).
We are not concerned with whether or not the label "dealer" is pinned on plaintiff, despite the emphasis placed upon this question by both appellant and appellee. Once Sabine collected the use tax due the State of Louisiana, this State can compel it to remit the tax to Louisiana. LSA-R.S. 47:306 and 47:318 require that taxes that have been collected from purchasers must be remitted to the Secretary (Collector).
The appellant also takes the position that the remittance of the sums collected by it from Louisiana purchasers is barred by prescription. There is no merit to this claim. This is not a suit against the taxpayer to collect taxes, which is barred after three years by Article 7, Section 16 of the Louisiana Constitution of 1974 and Article 19, Section 19 of the Louisiana Constitution of 1921. The collection of the taxes as contemplated by the Constitutions has taken place. This State is not barred by the three-year prescription from requiring its fiduciary to turn over to it sums collected *1170 on its behalf. LSA-C.C. art. 3544. In addition, Sabine has interrupted prescription under the circumstances of this case by its acknowledgement of the rights of the State of Louisiana. See LSA-C.C. art. 3520; Collector of Revenue v. J. L. Richardson Company, 247 So.2d 151 (La.App. 4 Cir. 1971), writ refused, 258 La. 915, 248 So.2d 586 (1971).
The action of the State in attempting to have its fiduciary, Sabine, remit to the State money which the fiduciary collected as use taxes for the State in no way violates any constitutional right of Sabine. The constitutionality of the use tax has been upheld. Mouton v. Klatex, Inc., 238 So.2d 1 (La.App. 1 Cir. 1970), writ refused, 256 La. 873, 239 So.2d 365 (1970); Chicago Bridge & Iron Company v. Cocreham, 317 So.2d 605 (La.1975).
The Board clearly stated its accord with National Bellas Hess, Inc. v. Department of Revenue of the State of Illinois, 386 U.S. 753, 87 S.Ct. 1389, 18 L.Ed.2d 505 (1967), by stating:
"This board agrees with petitioner's contention that it cannot be compelled to collect the Louisiana use tax. The state of Louisiana did not compel the collection of taxes, but despite that fact, the petitioner took it upon itself to inform its purchasers that a tax was due and collected that sum."
Moreover, Louisiana expressly recognizes its taxing limitations in LSA-R.S. 47:305(5), which provides:
"It is not the intention of this Chapter to levy a tax upon articles of tangible personal property imported into this state, or produced or manufactured in this state, for export; nor is it the intention of this Chapter to levy a tax on bona fide interstate commerce. It is, however, the intention of this Chapter to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state, of tangible personal property after it has come to rest in this state and has become a part of the mass of property in this state."
The State urges in its brief that a penalty should be imposed on Sabine. Although the State sought to have penalties imposed on Sabine by the Board, the Board ruled that penalties were not due. The State did not seek review of the issue of penalties by the District Court, merely asserting in its answer that "the judgment of the Board was in accordance with law and therefore should not be modified or reversed." The question of penalties is, thus, not an issue before this Court.
Accordingly, the judgment appealed is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Parenthetically, Sabine is also an owner of Louisiana properties, "several oil wells in North Louisiana."
[2] See Collector of Revenue v. Murphy Oil Corporation, 351 So.2d 1234 (La.App. 4 Cir. 1977), for discussion of procedure for review of collection of state taxes.