BOWES, Judge.
Plaintiff, Sales Tax Collector for the Parish of St. Charles (hereinafter Tax Collector) filed suit against defendant, Hilti, Inc. (hereinafter Hilti) for sales and use taxes, interest, penalties and attorney’s fees. In its petition, plaintiff alleges that defendant sold materials and supplies to customers in St. Charles Parish from January 1, 1978 through June 30, 1986.
Hilti filed an exception, alleging that plaintiffs action for the sales and use tax had prescribed. After a hearing, the trial court ruled that plaintiffs cause of action for taxes due from January 1978 to September 9, 1982, had prescribed, while its claim for taxes due from September 9, 1982 to December 31, 1983 had not prescribed. Following the denial of its motion for new trial, plaintiff appealed. We affirm.
Hilti admits that it collected the sales and use taxes from its customers for the period in question. However, because of an error in coding the proper parishes, it erroneously remitted these taxes to Orleans, Jefferson, Lafayette and St. Bernard Parishes, under the mistaken belief that the taxes were due to these parishes, instead of paying them to St. Charles Parish. On September 9, 1985, the Tax Collector sent a demand for payment letter to Hilti. After discovery of its error, Hilti unsuccessfully attempted to recover the taxes erroneously paid to the other parishes, as these parishes denied these claims with the defense of prescription.
In this appeal, plaintiff alleges that the trial court erred in finding that its action for all taxes collected prior to September 9, 1983, or more than three years before the Tax Collector’s demand letter, has prescribed.
St. Charles Parish School Board, General Sales and Use Tax Ordinance of 1978, Section 9.16 provides:
“If any person, or dealer, shall fail to make a return or report as required by this ordinance, the Collector, within three (3) years after the last day on which the omitted report could have been filed without penalty, may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this ordinance, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the Governing Body from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the said claim shall prescribe.” (Emphasis supplied]
In reliance on this ordinance, the trial court ruled that, because the Tax Collector did not make demand until September 9, 1985, its claims against Hilti for taxes collected from January 1978 to September 9, 1982 had prescribed.
Both parties to the appeal rely on the case of Sabine Pipe & Supply Co. v. McNamara, 411 So.2d 1167 (La.App. 1 Cir.1982) writ denied 414 So.2d 1254 (La.1982).
In that case, the State of Louisiana sought to collect sales and use taxes from plaintiff, a Texas corporation, which sold oil field equipment and supplies to Louisiana customers. Plaintiff collected use taxes from these customers, but failed to remit them to the State of Louisiana. Plaintiff alleged that the State’s action for these taxes was barred by prescription, pursuant *1170 to La. Const., of 1974, Article 7, Section 16, which provides:
Section 16. Taxes, except real property taxes, and licenses shall prescribe in three years after the thirty-first day of December in the year in which they are due, but prescription may be interrupted or suspended as provided by law.
The appellate court in Sabine, supra, found Article 7, Section 16, inapplicable:
By undertaking to collect Louisiana’s use taxes for the State, plaintiff entered into a fiduciary relationship with the State. One of its obligations, as fiduciary, is to remit to Louisiana those taxes which belong to Louisiana. By failing to do so, Sabine has breached its fiduciary duty. See Amiss v. State, 340 So.2d 1085 (La.App. 1 Cir.1976). [Emphasis supplied]
[[Image here]]
The appellant also takes the position that the remittance of the sums collected by it from Louisiana purchasers is barred by prescription. There is no merit to this claim. This is not a suit against the taxpayer to collect taxes, which is barred after three years by Article 7, Section 16 of the Louisiana Constitution of 1974 and Article 19, Section 19 of the Louisiana Constitution of 1921. The collection of the taxes as contemplated by the Constitutions has taken place. This State is not barred by the three-year prescription from requiring its fiduciary to turn over to it sums collected on its behalf. LSA-C.C. art. 3544. At pages 1169-1170.[1]
Following the rationale of Sabine, the trial court herein also found Article 7, Section 16, inapplicable to the case at bar.
Appellant, Tax Collector, argues that Sabine stands for the proposition that a ten-year prescriptive period is applicable in this suit, as Hilti, Inc. collected the sales and use taxes in a fiduciary capacity for St. Charles Parish. However, St. Charles Parish, by its own enactment of Ordinance 9.16, supra, has limited the prescriptive period for suits against dealers, who collect taxes from purchasers for the parish of St. Charles, to three years.
We believe that this situation, in which the State legislature has adopted a general prescriptive period, while the parish government has adopted a prescriptive period specifically applicable to taxes collected by dealers, is analogous to that in which the legislature adopts two statutes in conflict. In such a situation, the statute which is more specifically directed to the matter at issue prevails as an exception to the more general statute. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980).
Accordingly, we hold that the St. Charles Parish ordinance, referred to above, which specifically provides that suits filed by the Tax Collector for taxes owed by dealers is subject to a liberative prescriptive period of three years is the applicable law under the facts of this case and creates an exception to the liberative prescriptive period of ten years for personal actions as provided for by former LSA-C.C. art. 3544.
We find no error in the trial court’s judgment, and we, therefore, affirm it.
Pursuant to R.S. 13:4521, appellant is not assessed with the costs of this appeal.
AFFIRMED.

. C.C. art. 3544 provided that personal actions are subject to a ten-year prescriptive period.
This article was reenacted by Acts 1983, No. 173 Sec. 1 as C.C. art. 3499.