LYELVERTOÑ, J.
This appeal is by John Neely Kennedy, Secretary, of the Department of Revenue and Taxation for the State of Louisiana (State), from a judgment granting an exception of prescription filed by Ted R. St. Pierre. We reverse.
St. Pierre is an officer of four corporations, D & M Crew Boat Service II, Inc., A & P Boat Rentals No. 6, Inc., A & P Boat Rentals No. 8 Inc., and A & P Boat Rentals. No. 9. The State filed suit against St. Pierre personally on July 22, 1998, pursuant to La.R.S. 47:1561.1, for the recovery of Louisiana withholding taxes withheld by the corporations as required by La.R.S. 47:112 and 47:113. The State’s petition alleged that returns filed by the corporations showed that money was collected from its employees in withholding taxes by the four corporations from June 1989 through January 1992, and that these col *171 lections had never been remitted to the State.
St. Pierre filed an exception of prescription arguing that the action against him was barred by La. Const, art. VII, § 16, which provides for a three-year prescriptive period on taxes, except real property taxes and licenses, after the 31st day of December in the year they are due. He further alleged that there had been no assessment against the corporations to suspend the running of prescription under La.R.S. 47:1580. After a hearing, the trial court granted the exception of prescription.
The State argues that the claim has not prescribed citing Sabine Pipe & Supply Co. v. McNamara, 411 So.2d 1167 (La.App. 1 Cir.), writ denied, 414 So.2d 1254 (La.1982). In Sabine Pipe, a Texas seller withheld and collected from its Louisiana customers, at the time of the sales to them, amounts equivalent to the Louisiana sales or use taxes. The court of appeal held that because the sales tax statutes required that taxes collected from purchasers must be remitted to the State, the State can compel | ¡>.a seller who has collected the taxes to remit the collections. Regarding prescription, Sabine Pipe observed that the suit was not against the taxpayers to collect taxes; rather, it was against the State’s fiduciary, Sabine Pipe <& Supply Company. The court said: “[t]he collection of the taxes as contemplated by the Constitutions has taken place. This State is not barred by the three-year prescription from requiring its fiduciary to turn over to it sums collected on its behalf.” Id. at 1169-70.
The Lability of St. Pierre as an officer of the corporations arises under La.R.S. 47:1561.1 which authorizes the State, as an alternative means of enforcing collection, to hold officers of a corporation •
having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes and who willfully fail to remit or account for such taxes withheld or collected, personally liable for the total amount of such taxes withheld or collected, and not accounted for or not remitted, together with any interest, penalties, and fees accruing thereon.
The alternative means of enforcing collection provided by this statute is the basis for this suit. The issue is whether the three-year prescriptive period on taxes, or the ten-year prescriptive period on personal actions, is applicable to this suit seeking to hold St. Pierre personally liable.
As explained by the supreme court in State v. DeJesus, 94-0261 (La.9/16/94); 642 So.2d 854, 857 (quoting Barton v. United States, 988 F.2d 58, 59 (8 Cir.1993)), La.R.S. 47:1561.1 explicitly places a duty upon officers and directors who possess “ ‘significant decision-making authority over the corporation’s tax matters,” ’ as individuals to collect and pay over trust fund taxes including income taxes withheld. “The state or local governing authority has the option of collecting the unpaid taxes from the corporation, if it has remained viable and solvent, or from the officers or directors who possessed significant responsibility for the tax-making decisions of that ^business entity.” Id. The duty of thése officers or directors to pay over these funds is a statutory duty.
The ten-year liberative prescription provided by La.Civ.Code art. 3499 is applicable to the obligation of a corporation, as a fiduciary, to turn over taxes collected by it to the State. Sabine Pipe, 411 So.2d 1169. The same prescriptive period is applicable to the personal obligation of officers and directors whose duty is statutorily recognized by La.R.S. 47:1561.1. In the present case, the three-year prescriptive period is not applicable, and the ten-year prescriptive period has not run. The trial court erred in granting the exception of prescription.
St. Pierre cites St. Gabriel Industrial Enterprises, Inc. v. Broussard, 602 So.2d 1087 (La.App. 1 Cir.1992) as a limitation on the holding of Sabine Pipe. We do not *172 agree. The plaintiffs in St Gabriel were taxpayers claiming a tax credit. The three-year prescriptive period applied to them as taxpayers. They were not fiduciaries.
The judgment of the trial court is reversed. The case is remanded for further proceedings. Costs of this appeal are assessed to Ted R. St. Pierre.
REVERSED AND REMANDED.