LERNER NEW YORK, INC.

VERSUS

NEWELL D. NORMAND, SHERIFF, AND
EX-OFFICIO TAX COLLECTOR FOR
JEFFERSON PARISH; JEFFERSON PARISH
SHERIFF'S OFFICE, BUREAU OF REVENUE
AND TAXATION, SALES AND USE TAX
DIVISION

NO. 19-CA-350

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE BOARD OF TAX APPEALS
STATE OF LOUISIANA
NO. L00393

December 26, 2019

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Hans J. Liljeberg, and John J. Molaison, Jr.

**AFFIRMED IN PART, AND REMANDED WITH INSTRUCTIONS.**
    **JJM**
    **RAC**
    **HJL**

COUNSEL FOR PLAINTIFF/APPELLEE,
LERNER NEW YORK, INC.
     Andre B. Burvant
     Matthew A. Mantle
     John F. Fletcher

COUNSEL FOR DEFENDANT/APPELLANT,
JOSEPH P. LOPINTO, III, SHERIFF AND EX-OFFICIO TAX COLLECTOR
FOR THE PARISH OF JEFFERSON, SUCCESSOR IN OFFICE TO FORMER
JEFFERSON PARISH SHERIFF NEWELL NORMAND
     Kenneth C. Fonte

**MOLAISON, J.**

This is an appeal from a judgment of the Louisiana Board of Tax Appeals ("Board") taken by petitioner, Lerner New York, Inc. ("Lerner"), concerning a request for a refund of $147,967.00 of sales taxes paid under protest pursuant to a Rule for Taxes filed by the tax collector for Jefferson Parish ("Collector") for the period of January 1, 2010 through April 30, 2017. The Board rendered judgment granting partial relief to Lerner and partial relief to the Collector. Both parties have appealed. For the following reasons, we affirm the judgment in part, and remand the matter to the Board with instructions as set forth in this opinion.

### PROCEDURAL HISTORY

On May 8, 2017, following an audit in September of 2016, the Collector filed a Rule for Taxes demanding sales taxes, plus interest and penalties totaling $147,576.09 collected by Lerner from online sales to customers in Jefferson Parish for the period of January 1, 2010 through April 30, 2017. The petition alleges that Lerner made a "false and bad faith claim" that it was not required to file Jefferson Parish sales tax returns on these sales because it qualified as a Direct Marketer under La. R.S. 47:302(K)(5).

In response, Lerner paid $147,967.00, representing the assessment of sales taxes, plus interest and penalties, under protest. Lerner filed a petition to the Board seeking to recover the taxes paid under protest. In the petition, Lerner alleged that it filed timely sales tax returns for sales taxes collected from in-store purchases in its stores in Jefferson Parish. Lerner also alleged it paid the sales taxes collected on its remote online sales to customers in Louisiana to the Louisiana Department of Taxation ("Department") "in good faith pursuant to La. R.S. 47:302(K)."

The Collector answered the petition and filed a reconventional demand reasserting a demand for taxes and making the same claims as set forth in the Rule for Taxes. Lerner filed an answer to the reconventional demand seeking the refund

19-CA-350                                    1

of the sales taxes paid under protest and an award of reasonable attorney fees and costs. Lerner also filed a motion for partial summary judgment asserting prescription as to taxes for the period of January 1, 2010 through November 30, 2013. That motion was denied.

After a hearing on the merits of the main claim, the Board rendered a judgment on January 8, 2019[1] finding that Lerner is liable to the Collector for sales taxes collected from online sales in Jefferson Parish, and improperly remitted to the Department via Direct Marketer Returns for the tax periods of January 1, 2010 through April 30, 2017. The Board also determined that Lerner is not entitled to a credit under La. R.S. 47:337.86(A)(1), but ruled that Lerner is entitled to a credit under La. R.S. 47:337.86(E)(1) in the amount of $45,191.14. In that judgment, the Board also ruled in favor of the Collector for the taxes due, interest, penalties and attorney's fees at a rate of 10% on the amount due after the application of the credit. Finally, the Board ruled that the parties had fifteen days to submit a proposed money judgment with calculations in accordance with the judgment and declared the judgment was not final or appealable.

After receiving the proposed judgments from the parties, the Board rendered a final judgment on April 16, 2019. That judgment denied Lerner a credit under La. R.S. 47:337.86(A)(1), but gave Lerner a credit under La. R.S. 47:337.86(E)(1) in the amount of $45,223.69. The judgment also found Lerner liable to the Collector for sales taxes in the amount of $84,611.29, interest in the amount of $27,861.41 and penalties in the amount of $21,152.82. The judgment also awarded the Collector $13,362.55 in attorney's fees. Finally, the judgment ordered the refund of $46,202.61 of the taxes paid under protest plus interest, based on direct marketer sales tax distribution to the Collector by the Department.

---

[1] Although the judgment indicates it was signed on January 8, 2018, it appears the correct date is January 8, 2019.

The Collector filed a timely appeal in which he argues the Board erred as a matter of law by granting Lerner a credit pursuant to La. R.S. 47:337.86 (E)(1), and, in the alternative, if a credit is allowed, an incorrect amount was awarded. Lerner filed an answer to the appeal and assigns eight errors relating to the Board's determination that it was not entitled to a full refund of taxes paid under protest, that it was not entitled to a credit under La. R.S. 47:337.86(A)(1), and challenging the award of attorney fees, interest and penalties to the Collector. Lerner also challenges the interim judgment denying its motion for partial summary judgment on the prescription issue.

**FACTS**

Lerner is a national retail outlet selling women's clothing that maintains brick and mortar stores in Jefferson Parish, and also sells merchandise online through its website. Lerner collects sales taxes from both in-store and online customers. The taxes at issue herein relate solely to the online sales to customers in Jefferson Parish.

Lerner maintains a third-party database that captures the online sales and computes the sales tax based on the shipping address. The information is retrieved monthly and sent to its sales tax preparers. One of the reports generated relates to e-commerce sales taxes collected throughout the entire state, categorized by parish. The sales taxes collected through e-commerce sales statewide were reported and paid to the State of Louisiana on a Direct Marketer Sales Tax Return ("DMR") for each of the months in question. Sales taxes collected in the brick and mortar stores located in Jefferson Parish were reported and paid to the Collector.

Mr. Thomas Magaldi, the Tax Director of Lerner, testified that EisnerAmper prepares the tax returns for Lerner. He explained that online sales taxes collected are reported on a DMR. Mr. Magaldi stated that an audit by the Louisiana Department of Revenue for the sales taxes reported for the years 2015 through

2017 was just concluded. The audit resulted in no change, no deficiency, and no under payment. Mr. Magaldi also stated that Lerner filed two affidavits with the Department seeking to get a refund of the Jefferson Parish portion of the direct marketer sales tax on the theory that the taxes were paid to an incorrect taxing authority pursuant to La. R.S. 47:337.86. The refund was denied.

Ms. Andria Siciliano, a director of EisnerAmper, the company that prepares the tax returns for Lerner, testified at the hearing. Ms. Siciliano explained that her company took over preparation of Lerner's DMR remittances from Vertex in January of 2016. She reviewed the returns Vertex prepared previously that were reported on the DMR. Since this was the first time she prepared reports in Louisiana, she read and researched the applicable statutes. Ms. Siciliano also called the state for guidance, but could not get a definitive answer on whether Lerner's online sales should be reported in this manner. Based on what was historically done and her interpretation of applicable law, Ms. Siciliano reported and remitted the online sales taxes on a DMR to the State of Louisiana. She testified that she signed the return and believed it to be in compliance with law.

Michelle Galland, Assistant Director of Income Tax in the Policy Services Division of the Louisiana Department of Revenue, testified that the Department keeps records of the amount of taxes collected through the DMR remittances. The Department also keeps records of the amount of taxes distributed from the DMR to the parishes. Ms. Galland explained that the state collects income taxes, consumer use taxes and direct marketer's sales taxes. After the state takes its share of the taxes, the remainder is distributed to the parishes throughout the state according to population.

## ASSIGNMENTS OF ERROR

*Collector*

1) The trial court erred as a matter of law by granting Lerner a credit pursuant to La. R.S. 47:337.86(E)(1) for misappropriated Jefferson Parish sales taxes belonging to Collector unlawfully used by it to pay Direct Marketer Sales Taxes contrary to the requirements and prohibitions of La. R.S. 47:302(K)(5).

2) The amount of the credit awarded to Lerner is contrary to Law.


*Lerner*

1) The Board erred in ruling that Lerner is liable to the Collector for any additional taxes or related amounts relating to Lerner's online sales into Jefferson Parish during the Sales Tax Periods.

2) The Board erred in ruling that Lerner improperly remitted the taxes relating to Lerner's online sales into the Parish to the Department via the Direct Marketer Returns as such remittances were proper under the applicable tax statutes.

3) The Board erred in separately ruling that the proper prescriptive period in this case was ten (10) years under the judicial doctrine announced in *Sabine Pipe & Supply v. McNamara*, instead of the standard constitutional and statutory three-year prescriptive period.

4) The Board erred in separately ruling that Lerner is not entitled to full relief under the statutory safe harbor immunity provision in La. R.S. 47:337.86(E)(1) for the entire amount of taxes at issue.

5) The Board erred in separately ruling that Lerner is not entitled to a credit under La. R.S. 47:337.86(A)(1).

6) The Board erred in separately ruling that Lerner is liable to the Collector for interest and penalties.

7) The Board erred in finding that Lerner could not have continued to remit the sales taxes on Direct Marketer Returns "absent gross negligence of bad faith after September 2016" based solely on the fact that the Collector began an audit of Lerner in September 2016.

8) The Board erred in separately ruling that Lerner is liable to the Collector for attorney's fees. In the alternative, the Board erred in the calculation of attorney's fees.

**LAW AND ANALYSIS**

The issues presented herein require two standards of review. Issues relating to the applicability and interpretation of the statutes is by *de novo* review. *Glob. Constr. & Equip., L.L.C. v. Rathborne Properties, L.L.C.*, 18-169 (La. App. 5 Cir. 5/29/19), 274 So.3d 837, 841, *writ denied,* 19-01096 (La. 10/8/19). However, factual issues require a manifest error or clearly wrong standard of review. *Rosell v. ESCO*, 549 So.2d 840 (La. 1989).

*Use of Direct Marketer Returns*

In its first two assignments of error, Lerner argues it should be entitled to a full refund of the taxes paid in protest because it properly paid the taxes to the Department on the DMR remittances. Lerner argues that it acted in good faith and that the DMR is appropriate for remitting taxes collected on online sales. Lerner reasons that La. R.S. 47:302(K)(5) restricts use of the DMR to online sales un-attributable to any particular instate store location, but does not necessarily disqualify an entire class of online sellers from using the DMR to account for taxes on non-store sales. As support for its position, Lerner points out that the Department has audited its DMR remittances twice and in both instances expressly approved of Lerner's use of that reporting and remittance method for online sales.

The Collector maintains that Lerner misappropriated Jefferson Parish sales taxes belonging to the Collector and unlawfully used the funds to pay direct marketer sales taxes contrary to the requirements and prohibitions of La. R.S. 47:302(K)(5). The Collector interprets the statute to apply exclusively to online dealers with no physical presence in the parish. Lerner argues the statute is ambiguous and should be construed in favor of the taxpayer and against the taxing authority.

It is a fundamental principle of statutory interpretation that when a "law is clear and unambiguous and its application does not lead to absurd consequences,

the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9, *McLane Southern, Inc. v. Bridges*, 11-1141 (La. 1/24/12), 84 So.3d 479, 483, *rehearing denied* 3/9/12. This principle applies to tax statutes. *Id.* Words of a law must be given their generally prevailing meaning. La. C.C. art. 11. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. C.C. art. 12. The meaning of words or phrases may be ascertained by the words and phrases with which they are associated. *Caldwell v. Janssen Pharm., Inc.*, 2012-2447 (La. 1/28/14), 144 So.3d 898, 908, citing, *Pumphrey v. City of New Orleans*, 05-0979 (La. 4/4/06), 925 So.2d 1202, 1211.

We do not find the statute ambiguous. The language of La. R.S. 47:302(K)(5) can be interpreted merely by applying the normal meaning of the words. La. R.S. 47:302(K)(5) provides:

> The tax levied under this Subsection shall be levied and collected **only** from vendors who qualify as a "dealer" in this state **solely** by virtue of engaging in regular or systematic solicitation of a consumer market in this state by the distribution of catalogs, periodicals, advertising fliers, or other advertising, or by means of print, radio, or television media, including but not limited to television shopping channels, by mail, telegraphy, telephone, computer database, cable, optic, microwave, or other communication system. A vendor who qualifies as a dealer in this state as provided in R.S. 47:301(4) is prohibited from collecting the tax imposed under this Subsection in lieu of collecting the sales and use tax imposed by a political subdivision of this state which tax is remitted directly to the political subdivision.(emphasis added)[2]

La. R.S. 47:301provides in pertinent part:

> (4)"Dealer" includes every person who manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution, or for storage to be used or consumed in a taxing jurisdiction. "Dealer" is further defined to mean:
>
> (a) Every person who imports, or causes to be imported, tangible personal property from any other state, foreign country, or other taxing jurisdiction for sale at retail, for use, or consumption, or

---

[2] The final sentence of the statute was added by the legislature in 2016 and became effective March 14, 2016. However, our analysis and conclusion is the same under either version of the statute.

distribution, or for storage to be used or consumed in a taxing jurisdiction.

(b) Every person who sells at retail, or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution, or storage to be used or consumed in the taxing jurisdiction, tangible personal property as defined herein.

. . .

(h) Any person engaging in business in the taxing jurisdiction. "Engaging in business in the taxing jurisdiction" means and includes any of the following methods of transacting business: maintaining directly, indirectly, or through a subsidiary, an office, distribution house, sales house, warehouse, or other place of business or by having an agent, salesman, or solicitor operating within the taxing jurisdiction under the authority of the seller or its subsidiary irrespective of whether such place of business, agent, salesman, or solicitor is located in such taxing jurisdiction permanently or temporarily or whether such seller or subsidiary is qualified to do business in such taxing jurisdiction, or any person who makes deliveries of tangible personal property into the taxing jurisdiction other than by a common or contract carrier.

We find that Lerner is a "dealer" for purposes of La. R.S. 47:302(K)(5), and is not solely a dealer by virtue of engaging in solicitation of a consumer market by distribution of catalogs, etc. as required by that statute. Thus, we conclude that Lerner improperly paid the sales taxes collected on online sales to Jefferson Parish customers to the Department on a DMR in lieu of payment to the Collector. It is undisputed that Lerner maintained a physical presence in Louisiana. It is not a vendor who qualifies solely by virtue of engaging in online sales. Lerner owns physical stores in Jefferson Parish and is a dealer as defined by La. R.S. 47:301. Thus, La. R.S. 47:302(K)(5) is inapplicable. Accordingly, we find the Board correctly found that Lerner is liable to the Collector for sales taxes collected from online sales in Jefferson Parish, and improperly remitted to the Department on the DMR remittances for the tax period of January 1, 2010 through April 30, 2017. These assignments are without merit.

*Credits*

The Collector's first and second assignments of error and Lerner's assignments of error numbers four and five address what, if any, credit Lerner is entitled to for its incorrect payment of taxes on the DMR remittances. The Board ruled that Lerner is not entitled to a credit pursuant to La. R.S. 47:337.86(A)(1)[3]. However, the Board gave a partial credit to Lerner pursuant to La. R.S. 47:337.86(E)(1)[4] in the amount of $47,223.49 for the tax periods July 1, 2010 through May 31, 2017.

The Collector argues that Lerner is not entitled to any credit under either provision of La. R.S. 47:337.86 because Lerner is not a taxpayer, and does not fall within the ambit of protection expressed by the objective of that statute which is to shield a person from being taxed twice for the same transaction.

Lerner argues it is entitled to a full relief under the statutory safe harbor immunity provision of La. R.S. 47:337.86(A)(1). Lerner reasons that it acted in good faith and paid a "similar tax" to a "similar taxing authority", and is entitled to a full credit pursuant to La. R.S. 47:337.86(A)(1).

We do not find Lerner's argument for a credit under La. R.S. 47:337.86(A)(1) convincing. That provision requires that a taxing authority grant the taxpayer a credit against the sales or use tax previously paid by the

_____

[3] La. R.S. 47:337.86(A)(1) provides: A credit against the sales and use tax imposed by any taxing authority of the state shall be granted to a taxpayer who paid monies, whether or not paid in error, absent bad faith, based upon a similar tax, levy, or assessment upon the same tangible personal property in a taxing jurisdiction of this state or another state. The credit granted herein shall be applicable only when a similar taxing authority is seeking to impose and collect a similar tax, levy, or assessment from a taxpayer upon the same tangible personal property for which the taxpayer has paid a similar tax, levy, or assessment to a similar taxing authority.

[4] La. R.S. 47:337.86(E)(1) provides: Notwithstanding any other law to the contrary, no person shall be taxed with respect to a particular event more than once, provided that the person collecting and remitting taxes can produce to the collector documentary evidence to show a good faith effort to recover taxes paid to the incorrect taxing authority.

taxpayer to a similar taxing jurisdiction on the same article of personal property. A clear reading of that provision shows that it grants a credit to "a taxpayer" for taxes paid on the "same tangible personal property for which the taxpayer has paid a similar tax." Lerner is not a taxpayer and its online customers who are taxpayers only paid sales tax once on their purchases.

Further, "similar taxing authority" is defined as "a political subdivision having and performing the same governmental functions as the political subdivision seeking to impose the sales or use tax." La. R.S. 47:337.86(E)(2)(b). As the Board recognized in its reasons for judgment, the Department is not a political subdivision of the state and as such is not a "similar taxing authority." On a *de novo* review, we find the Board correctly applied the law when it denied a credit pursuant to La. R.S. 47:337.86(A)(1). Therefore, we find no merit in Lerner's fifth assignment of error.

Our review of the Board's decision to grant a credit pursuant to La. R.S. 47:337.86(E)(1) presents the initial issue of whether that provision actually provides for a credit. The Collector argues the Board misinterpreted and misapplied that provision by ruling that it does provide for a credit. The Collector argues that the provision merely provides a defense to a person who has already paid a sales tax levied on that person by one taxing authority against the claim of another taxing authority attempting to tax that person for the same transaction. The Collector reasons that the defense is conditioned upon the proof that the collecting dealer makes a good faith effort to recover the taxes remitted to the wrong taxing authority, but does not create any rights in favor of the errant dealer to a credit.

Further, the Collector argues, in the alternative, that if a credit is applicable, it should exclude any tax payment from the audit in September of 2016 through March 2017. That argument is based on the theory that

Lerner's activities were not "absent gross negligence or bad faith" once it was notified of the Collector's position in the September, 2016 audit. The Collector also alleges the actions of Lerner's tax preparers constitute fraud. The Collector maintains that Lerner knowingly and deliberately engaged in a misappropriation of the Collector's funds by filing false tax returns with the Department.

Lerner counters that the law clearly provides that no person should be taxed twice for the same event, provided the person collecting and remitting taxes can produce documentary evidence to show a good faith effort to recover taxes paid to an incorrect taxing authority. Lerner argues that it made two good faith attempts to secure a refund from the Department for taxes remitted on the DMR remittances. Further, Lerner argues that it cannot be found to be in bad faith after the audit because the interpretation of the appropriateness of the use of DMR remittances was not yet determined.

In its reasons for judgment, the Board pointed out that La. R.S. 47:337.86(E)(1), unlike section (A)(1), applies when taxes are paid to an "incorrect" rather than a "similar" taxing authority. La. R.S. 47:337.86(E)(1) provides:

> E. (1) Notwithstanding any other law to the contrary, no person shall be taxed with respect to a particular event more than once, provided that the person collecting and remitting taxes can produce to the collector documentary evidence to show a good faith effort to recover taxes paid to the incorrect taxing authority.

Citing *Billeaudeau v. Opelousas Gen. Hosp. Auth.*, 17-735 (La. App. 3 Cir. 2/7/18), 239 So.3d 306, 313, *writ denied*, 18-338 (La. 5/25/18), 243 So.3d 565, the Board further stated:

> It also follows an imperative that "Notwithstanding any other law to the contrary…" which is generally used for emphasis to give explicit effect to the provisions as written. Although it is awkward drafting considering the defining of the term appears in a later

subparagraph of the same subsection, the Legislature could have chosen to employ its explicitly defined term "similar taxing authority" in Paragraph 1, but it did not do so. The Board must assume that the legislature acted deliberately.

The Board also noted that Lerner was required to produce documentary evidence to show a good faith effort to recover taxes paid to the incorrect taxing authority. The Board found that Lerner provided such evidence by its formal written requests and the Department's denial for a refund of taxes paid on the DMR remittances. The Board found that evidence sufficient to meet the requirements for a credit pursuant to La. R.S. 47:337.86(E)(1).

The record shows that Lerner applied for a refund from the Department on February 9, 2018. When it did not receive a response from the Department, Lerner submitted a second refund request on April 13, 2018. On August 7, 2018, the Department denied the refund request. That evidence supports the Board's ruling.

We also find the Board's interpretation of the applicable law to be correct as explained in the well-reasoned reasons for judgment. We agree with the Board that the credit allowed Lerner is in accordance with the provisions of La. R.S. 47:337.86(E)(1), and that Lerner has met the requirements of that statute. Accordingly, we find the Board was correct in ruling that Lerner is entitled to a credit under La. R.S. 47:337.86(E)(1). However, we find the amount of the credit is incorrect.

Both parties argue that the amount of credit and refund allowed by the Board is incorrect. Lerner asserts the credit applied by the Board under La. R.S. 47:337.86(E)(1) should have resulted in a full credit for all taxes paid to the Department on the DMR remittances. Lerner disputes the Board's reasoning that it is entitled only to a partial credit.

Applying Lerner's reasoning, it would get a full credit for taxes remitted to the Department, thereby paying nothing of the taxes owed to the Collector. This would cancel out any liability Lerner has to the Collector for taxes collected in Jefferson Parish from online sales. As the Board correctly noted, giving a full credit for all taxes paid on the DMR remittances would permit Lerner to pay taxes owed to the Collector to the Department instead, an outcome that is prohibited by La. R.S. 47:302(K)(5).

The Collector argues that the Board should have limited the credit to only the Jefferson Parish sales tax that Lerner collected and remitted on the DMRs, rather than the amount actually distributed to the Collector based on the population of the parish. The Board ruled that the refund to Lerner should not be limited in this manner. We find that reasoning to be sound.

The amount distributed to the parishes is based on statewide remittances and distributed by population, thus the amount the Collector received from the state was increased by the taxes paid by Lerner on the DMR remittances. The Board reasoned that, because the Collector received DMR distributions based on Lerner's remittances covering all parishes, the credit should not be limited to only that portion originating from taxes paid in Jefferson Parish. We agree and find no error in that ruling.

The Collector also argues the credit should exclude any portion of the distributions received by the Collector for the tax periods beginning with February of 2016. The Board considered this argument and dismissed it upon a finding that there is no evidence in the record to establish a date of distribution. We find no manifest error in that finding of fact. Having made that finding, the Board concluded the dispute about allocation of the credit to individual tax periods is moot. The Board also pointed out that the payment

under protest included the entire assessment including tax, penalties and interest.

In another argument concerning the amount of the credit given, the Collector argued that he is entitled to an offset of the credit in the amount of collections commissions he was deprived of pursuant to La. R.S. 13:5523(B)(2).[5] That statute provides that the Collector shall receive an 11% commission of sales taxes he collects. The Board denied that request relying on La. R.S. 47:302(K)(7)(a)(ii).[6] The Board determined that statute does not provide for an offset for the Collector's commission. We find this to be error.

The Collector is entitled to the statutorily provided commission on the taxes collected and remitted to the Department in error. However, the commissions are only due on the amount of tax collected, not on the entire amount distributed to Jefferson Parish by the Department. While the Collector is entitled to a commission on the taxes collected in this matter, to additionally award a commission by means of a reduction in the credit for

---

[5] La. R.S. 13:5523(B)(2) provides: In addition, the sheriff of the parish of Jefferson shall collect all sales taxes levied by the Jefferson Parish Council and/or the Jefferson Parish School Board, for which collection he shall receive as compensation, eleven percent of the aggregate amount of sales taxes collected by the sheriff and levied by the Jefferson Parish Council, and nine and one-half percent of the aggregate amount of sales taxes collected by the sheriff and levied by the Jefferson Parish School Board.

[6] La. R.S.47:302 provides in pertinent part:

K. An additional tax shall be levied as follows:
…
(7)(a) From the current collections of the tax collected under this Subsection, the secretary shall make the following distributions:
…
(ii) All monies remaining after satisfaction of the requirements of Item (i) of this Subparagraph shall be distributed quarterly to the central local sales and use tax collector or, if none, the parish governing authority according to population. The central local sales and use tax collector or the parish governing authority shall at no charge distribute the tax proceeds received from the secretary to each political subdivision within the parish which levies a sales and use tax or receives a portion of the proceeds of a parishwide sales and use tax levy, in accordance with each such political subdivision's pro rata share of local sales and use tax receipts collected on all other transactions subject to local sales and use taxes during the most recent state fiscal year for which data is available within thirty days of receipt of the proceeds.
…

taxes paid to the state and distributed to Jefferson Parish according to population, rather than taxes actually due, is inappropriate. Therefore, we remand the matter to the Board for a determination of the correct amount of offset to the credit in accordance with this opinion.

Finally, the Collector argues the Board's finding of no specific evidence of bad faith in Lerner's filings prior to the September 2016 audit is manifestly erroneous. Given the testimony and documentary evidence presented in the matter and discussed herein, we do not find that factual finding of the Board to be manifestly erroneous.

Upon review of the factual findings regarding the credit, we find no manifest error. Further, on a *de novo* review, we find no error in the Board's application of law to the facts in these assignments except its denial of an offset owed the Collector for his commission against Lerner's credit.

*Prescription*

In its third assignment of error, Lerner asserts the trial court erred in denying its motion for partial summary judgment based on prescription. Although typically asserted through the procedural vehicle of the peremptory exception, the defense of prescription may also be raised by motion for summary judgment. *Hogg v. Chevron USA, Inc.*, 09-2632 (La. 7/6/10), 45 So.3d 991, 997. When prescription is raised by motion for summary judgment, review is *de novo,* using the same criteria used by the district court in determining whether summary judgment is appropriate. *Id.*

Summary judgment is designed to secure the just, speedy, and inexpensive determination of an action. La. C.C.P. art. 966. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted

for purposes of the motion for summary judgment, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. *Id.*

The only issue on review as to the denial of the partial summary judgment is whether the Collector's action is barred in part by a three year prescriptive period. After conducting a *de novo* review, we find the Board was correct in ruling that a ten year prescriptive period is applicable. Thus, we find the Board correctly denied Lerner's motion for summary judgment.

The Board relied on *Sabine Pipe & Supply Co. v. McNamara*, 411 So.2d 1167 (La. App. 1st Cir. 1982), *writ denied,* 414 So.2d 1254 (La. 1982), for its decision to apply the ten year prescriptive period. In *Sabine*, the plaintiff, a Texas company, failed to remit use taxes collected from Louisiana residents to the Department. The Department made a claim which the plaintiff argued was prescribed by the three year prescriptive period provided for collection of taxes. The *Sabine* court ruled that the action was not a suit against the taxpayer to collect taxes, which is barred after three years, but rather an action to require a fiduciary to turn over the taxes collected, triggering the ten year prescriptive period. Accordingly, in the matter before us, the Board found that the Collector is not barred by the three year prescription from requiring its fiduciary to turn over to it sums collected on its behalf.

The Collector argues that the three year prescriptive period cited above applies only to actions against a taxpayer to collect taxes, and not to a claim to recover unremitted sales taxes collected by a dealer from its customers. The Collector reasons that the collection of taxes as contemplated by the Constitution and the Louisiana Constitution and the Uniform Local Sales Tax Code (ULSTC) has already taken place. It

occurred when Lerner collected the taxes from its customers. The Collector takes the position that Lerner is a fiduciary which has a statutory duty to collect sales tax from the taxpayer and remit the funds to the proper taxing authority. In short, Lerner is an agent or fiduciary of the collector. Under this theory, the action is a personal one subject to a liberative prescription period of ten years pursuant to La. C.C. art. 3499.[7]

It is clear from both the ULSTC that actions to collect sales taxes prescribe three years after the thirty-first day of December in the year in which they are due. La. Const. Art. VII § 16, La. R.S. 47:337.67(A). Lerner argues the prescriptive period in this matter is the standard three year prescriptive period as set forth in the Constitution and the ULSTC, rather than the ten year prescriptive period applied by the Board. Based on this assertion, Lerner maintains that any claim for sales tax amounts due prior to December 31, 2013 has prescribed.

Lerner is not a taxpayer as referenced in either the Constitution or the ULSTC provisions setting a three year prescriptive period. "The sums of money collected by the dealer for payment of sales and use taxes imposed by the taxing authority shall be and remain the property of the taxing authority and deemed held in trust for the taxing authority." La. R.S. 47:337.17(I). Lerner collected taxes on behalf of the Collector. The taxes collected by Lerner are property of the Collector from the time they are collected from the customers. Therefore, Lerner is in possession of money belonging to the Collector and that money is held in trust for the Collector.

_____

[7] La. C.C. art. 3499 provides: Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.

Lerner argues the Board improperly extended the rule announced in *Sabine* to include a dealer who actually remitted all of the collected taxes, but to the wrong taxing authority. Whether the dealer who holds the taxes failed to remit them or remitted them to the wrong taxing authority does not alter the fact that the taxes collected by the dealer are the property of the proper taxing authority, or that the dealer is the fiduciary of the taxing authority. This factual distinction does not change Lerner's status from agent or fiduciary to taxpayer. The fiduciary duty of a dealer to remit taxes collected is an independent obligation from the obligation of a consumer to pay taxes.

For these reasons, we find the Board correctly applied the ten year prescriptive period and denied the motion for partial summary judgment. This assignment of error is without merit.

### Interest and penalties

In assignments of error numbers six and seven, Lerner challenges the Board's assessment of interest and penalties pursuant to La. R.S. 47:337.86(E)(2)(a), which reads as follows:

> The collector shall not impose penalties or interest on taxes erroneously paid or remitted to another taxing authority unless the erroneous payment or remittance was the result of gross negligence or due to intentional conduct of bad faith on the part of the dealer that collected and remitted the taxes or on the part of the taxpayer that paid the taxes. In instances where a legitimate disagreement exists as to which taxing authority is owed, the involved taxing authorities shall resolve the dispute among themselves through any legal means provided by law, including the filing of a rule or petition against the other taxing authority in the manner provided for in R.S. 47:337.101.

This provision does not provide penalty relief to a party who remitted taxes to another taxing authority as a result of gross negligence. The Board made a factual finding that Lerner continued to remit taxes to the Department on a DMR after it was informed of the error in September of

2016, and that this constituted evidence of bad faith precluding it from claiming protection from penalties. Upon a review of that factual finding, we find no manifest error. These assignments of error are without merit.

***Attorney's fees***

In its final assignment of error, Lerner argues the Board erred in awarding attorney's fees to the Collector, or in the alternative, the Board erred in its calculation of attorney's fees. The Board awarded attorney's fees in the amount of $13,212.03 using a calculation of 10% of the taxes due after application of the credit allowed.

Attorney's fees were awarded pursuant to La. R.S. 47:337.13.1.[8] That statute authorizes an award of attorney's fees to the Collector for assistance in the collection of taxes owed. Lerner argues the Collector is not entitled to attorney's fees because its positions are "substantially justified." Since we have found no merit in any argument contesting the Board's rulings in this matter, we dispute that Lerner positions are substantially justified.

Finally, Lerner argues in the alternative that the Board erred by awarding an amount based on the gross amount of tax due. We find no merit in this argument.

---

[8] La. R.S. 47:337.13.1 provides in pertinent part:

A. (3) A taxpayer shall not be subject to the payment of attorney fees unless the local collector is the prevailing party entitled to reimbursement of attorney fees and costs as provided for in Subsection B of this Section.

B. (1) Except as otherwise provided for in Paragraph (A)(3) of this Section, the prevailing party in a dispute, contest, or other controversy involving the determination of sales and use tax due shall be entitled to reimbursement of attorney fees and costs, not to exceed ten percent of the taxes, penalties, and interest at issue, unless the position of the non-prevailing party is substantially justified. The prevailing party is defined as the party which has substantially prevailed with respect to the amount in controversy or substantially prevailed with respect to the most significant issue or set of issues presented. A position is substantially justified if it has a reasonable basis in law and fact. The reimbursement amount for attorney fees and costs shall be subject to the discretion of the court or Board of Tax Appeals as to reasonableness.

(2) The provisions of this Subsection shall not apply to amounts timely paid under protest by the taxpayer with a return that is not delinquent, or paid under protest to a vendor in accordance with law, as provided for in Subsection A of this Section.

The judgment of the Board is clear that the figure awarded was calculated on the amount due after the credit was applied.  This assignment of error is without merit.

For the foregoing reasons, we affirm the judgment of the Board denying the motion for partial summary judgment on prescription.  For the reasons assigned, Lerner's right to a credit under La. R.S. 47:337.86(E)(1) is affirmed, and the matter is remanded to the Board solely for the purpose of calculating an offset for the Collector's commission in accordance with the views expressed in this opinion.  In all other respects, the April 16, 2019 judgment of the Board is affirmed.

**AFFIRMED IN PART, AND REMANDED WITH INSTRUCTIONS.**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## <u>NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 26, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-CA-350**

<u>**E-NOTIFIED**</u>
BOARD OF TAX APPEALS (CLERK)
KENNETH C. FONTE (APPELLANT)          MATTHEW A. MANTLE (APPELLEE)

<u>**MAILED**</u>
LOUISIANA BOARD OF TAX APPEALS          JOHN F. FLETCHER (APPELLEE)          ANDRE B. BURVANT (APPELLEE)
(DISTRICT JUDGE)                        ATTORNEY AT LAW                        ATTORNEY AT LAW
POST OFFICE BOX 3217                    190 EAST CAPITAL STREET                201 ST. CHARLES AVENUE
BATON ROUGE, LA 70821                   SUITE 800                             51ST FLOOR
                                       JACKSON, MS 39201                      NEW ORLEANS, LA 70170